IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED

SEP 2 5 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LITETRONICS INTERNATIONAL, INC. )
and COOLLITE INTERNATIONAL )
HOLDINGS LIMITED, )
                                     )
           Plaintiffs,       )     Civil Action No.: 03C5733
                                     )
       vs.                           )
                                     )     Judge Andersen
TECHNICAL CONSUMER PRODUCTS, )
INC., )
                                     )
          Defendant.      )

DOCKETED

SEP 2 6 2003

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiffs LITETRONICS INTERNATIONAL, INC. and COOLLITE INTERNATIONAL HOLDINGS LIMITED. allege:

1. Plaintiff LITETRONICS INTERNATIONAL, Inc. ("LITETRONICS") is an Illinois corporation, having an address of 4101 W. 123RD Street, Alsip, IL 60803.

2. Plaintiff COOLLITE INTERNATIONAL HOLDINGS LIMITED ("COOLLITE") is a foreign corporation with its principal place of business in Hong Kong, People's Republic of China.

3. Defendant TECHNICAL CONSUMER PRODUCTS, INC. ("Defendant TCP") is a Delaware corporation and is registered to do business in Illinois.

4. This is an action arising under the Patent Laws of the United States, United States Code, Title 35. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1338(a). This Court has personal jurisdiction over Defendant TCP because Defendant TCP is doing business within this judicial district.

5. On April 3, 2001, United States Patent No. 6,211,612 (the "'612 patent"), entitled "Cold Cathode Fluorescent Display," duly and legally issued to GL Displays, Inc. A copy of the



'612 patent is attached hereto as Exhibit A. Since that date, the '612 patent has been assigned to Transmarine, Inc., which has granted an exclusive license to COOLLITE.

6. On October 30, 2001, United States Patent No. 6,310,436 (the "'436 patent"), entitled "Cold Cathode Fluorescent Lamp And Display," duly and legally issued to GL Displays, Inc. A copy of the '436 patent is attached hereto as Exhibit B. Since that date, the '436 patent has been assigned to Transmarine, Inc., which has granted an exclusive license to COOLLITE.

7. On February 4, 2003, United States Patent No. 6,515,433 (the "'433 patent"), entitled "Gas Discharge Fluorescent Device," duly and legally issued to COOLLITE. A copy of the '433 patent is attached hereto as Exhibit C.

8. By agreement, COOLLITE has appointed LITETRONICS exclusive distributor in North America of products made and sold under the '612, '436 and '433 patents. As exclusive distributor, LITETRONICS is authorized by agreement to prosecute Defendant TCP's infringement of these patents and to damages as a result of such infringement.

9. LITETRONICS and COOLLITE together are and have been involved in the manufacture, sale, offering for sale, marketing, promotion and distribution of cold cathode lamp products under the '612, '436 and '433 patents and have affixed to such products suitable marking of the '612 and '436 patents in accordance with 35 U.S.C. §287. Attached as Exhibit D1 are photographs of a cold cathode lamp product made and sold by Plaintiffs, namely: a photograph of the product and a photograph in which the housing of the product is removed to show the cold cathode lamp housed by the container.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,211,612

10. LITETRONICS and COOLLITE adopt and reallege Paragraphs 1-9 as set forth above.

11. On information and belief, Defendant TCP has been and still is infringing the '612 patent by selling, offering for sale, using and/or importing into the U.S. a cold cathode lamp product. On information and belief, such infringing TCP cold cathode lamp product is identified as part number CCA03LVY and described as a three watt cold cathode S14 shaped lamp (hereinafter, the "TCP cold cathode lamp product"). Attached as Exhibit D2 are photographs of the TCP cold cathode lamp product, namely: a photograph of the product and a photograph in which the container of the product is removed to show the cold cathode lamp housed by the container.

12. Defendant TCP's conduct has caused, continues to cause and threatens to cause great and irreparable harm and damage to LITETRONICS and COOLLITE. Unless enjoined by the Court, Defendant TCP's conduct will continue to cause great, immediate and irreparable harm to LITETRONICS and COOLLITE.

13. Defendant TCP is and has been aware of the '612 patent and continues to infringe this patent. Defendant TCP's infringement is willful, intentional and in complete disregard of, or with indifference to, Plaintiffs' rights and interests in the '612 patent.

14. By Stipulated Order, entered on September 4, 2003, Defendant TCP has been prohibited since August 25, 2003 from making, using, offering to sell, selling, soliciting or filling orders for, and/or delivering to any customer any cold cathode lamp within the United States and/or importing into the United States any cold cathode lamp or causing any such activity to occur. Pursuant to the terms of the Stipulated Order, such prohibition will continue until 45 days after Defendant's counsel advises Plaintiff's counsel in writing of Defendant's intention to resume any such activity. Accordingly, the allegations in this Amended Complaint of ongoing

infringement is directed to the infringing activity that occurred at the time of the filing of this Lawsuit, any resumption of the infringing activity and any violations of the Stipulated Order.

15. This is an exceptional case under 35 U.S.C. § 285.

## COUNT II
### INFRINGEMENT OF UNITED STATES PATENT NO. 6,310,436

16. LITETRONICS and COOLLITE adopt and reallege Paragraphs 1-15 as set forth above.

17. On information and belief, Defendant TCP has been and still is infringing the '436 patent by selling, offering for sale, using and/or importing into the U.S. the TCP cold cathode lamp product.

18. Defendant TCP's conduct has caused, continues to cause and threatens to cause great and irreparable harm and damage to LITETRONICS and COOLLITE. Unless enjoined by the Court, Defendant TCP's conduct will continue to cause great, immediate and irreparable harm to LITETRONICS and COOLLITE.

19. Defendant TCP is and has been aware of the '436 patent and continues to infringe this patent. Defendant TCP's infringement is willful, intentional and in complete disregard of, or with indifference, to Plaintiffs' rights and interests in the '436 patent.

20. This is an exceptional case under 35 U.S.C. § 285.

## COUNT III
### INFRINGEMENT OF UNITED STATES PATENT NO. 6,515,433

21. LITETRONICS and COOLLITE adopt and reallege Paragraphs 1-20 as set forth above.

22. On information and belief, Defendant TCP has been and still is infringing the '433 patent by selling, offering for sale, using and/or importing into the U.S. the TCP cold cathode lamp product.

23. Defendant TCP's conduct has caused, continues to cause and threatens to cause great and irreparable harm and damage to LITETRONICS and COOLLITE. Unless enjoined by the Court, Defendant TCP's conduct will continue to cause great, immediate and irreparable harm to LITETRONICS and COOLLITE.

24. Defendant TCP is and has been aware of the '433 patent and continues to infringe this patent. On information and belief, Defendant TCP's infringement is willful, intentional and in complete disregard of, or with indifference, to Plaintiffs' rights and interests in the '433 patent.

25. This is an exceptional case under 35 U.S.C. § 285.

WHEREFORE, Plaintiffs LITETRONICS and COOLLITE pray:

A. For an order preliminarily and permanently enjoining Defendant TCP, its officers, directors, agents and all those in active concert or participation with it from further acts of infringement of the '612, '436 and '433 patents, pursuant to 35 U.S.C. §283;

B. For an Order that Defendant TCP file with this Court, and serve on LITETRONICS' and COOLLITE's counsel, within thirty (30) days of service of said injunction upon prayer A above, a report in writing under oath setting forth in detail the manner and form in which Defendant TCP has complied with the injunction;

C. For judgment of infringement of the '612, '436 and '433 patents for LITETRONICS and COOLLITE against Defendant TCP;

D. For an accounting and an award of damages adequate to compensate LITETRONICS and COOLLITE for Defendant TCP's infringement of the '612, '436 and '433 patents, pursuant to 35 U.S.C. §§ 284 and 285, along with costs and prejudgment interest for the amount of damages determined;

E.       That all infringing articles be surrendered to LITETRONICS and COOLLITE;

F.       For an Order declaring Defendant TCP's infringement of the '612, '436 and '433 patents willful and increasing damages up to three (3) times the amount found or assessed in view of such willful infringement, pursuant to 35 U.S.C. §284;

G.       For an Order declaring that this case is exceptional under 35 U.S.C. § 285, and awarding Plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H.       For such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

*[signature]*

Thomas J. Donovan, I.D. No. 6195349
Marc S. Silver, I.D. No. 6238105
Vladimir Khodosh, I.D. No. 6276585
BARNES & THORNBURG
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

Kevin R. Krantz
Kessler, Krantz & Christensen
318 W. Randolph St., 5th Floor
Chicago IL 60606
(312) 419-0545

Attorney for Plaintiffs LITETRONICS
INTERNATIONAL, INC. and COOLLITE
INTERNATIONAL HOLDINGS LIMITED

## JURY TRIAL DEMANDED UNDER F.R.C.P. RULE 38

Plaintiffs LITETRONICS INTERNATIONAL, INC. and COOLLITE INTERNATIONAL HOLDINGS LIMITED demand a trial by jury.

CHDS01 TJD 184905v1

## CERTIFICATE OF SERVICE

I certify that on September 25, 2003 a copy of the foregoing Amended Complaint was served via U.S. Mail upon each of the following at the following addresses:

>Steve M. Auvil
>Benesch, Friedlander, Coplan & Aronoff, LLP
>2300 BP Tower, 200 Public Square
>Cleaveland, OH 44114-2378
>(counsel for Defendant/appearance not yet filed)
>
>Technical Consumer Products, Inc.
>c/o CT Corporation System/Registered Agent
>208 South LaSalle Street
>Suite 814
>Chicago, IL 60604-1101

_____
One of the attorneys for Plaintiff

# SEE CASE FILE FOR EXHIBITS