UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LITETRONICS INTERNATIONAL, INC.
and COOLLITE INTERNATIONAL
HOLDINGS LIMITED,

Plaintiffs,

vs.

TECHNICAL CONSUMER PRODUCTS,
INC.,

Defendant.

Civil Action No.: 03C5733

Judge Wayne R. Andersen

Magistrate Judge Ashman

DEMAND FOR JURY TRIAL

## DEFENDANT TECHNICAL CONSUMER PRODUCTS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Technical Consumer Products, Inc. ("TCP"), by and through the undersigned counsel, responds to the Amended Complaint for Patent Infringement ("the Amended Complaint") of plaintiffs Litetronics International, Inc. ("Litetronics") and Coollite International Holdings Limited ("Coollite") as follows.

### GENERAL DENIAL

Except as hereinafter expressly admitted, TCP denies each and every allegation contained in the Amended Complaint.

### SPECIFIC ANSWERS

1. Plaintiff LITETRONICS INTERNATIONAL, Inc. ("LITETRONICS") is an Illinois corporation, having an address of 4101 W. 123rd Street, Alsip, IL 60803.

**ANSWER:** TCP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1 of the Amended Complaint.

2.   Plaintiff COOLLITE INTERNATIONAL HOLDINGS LIMITED ("COOLLITE") is a foreign corporation with its principal place of business in Hong Kong, People's Republic of China.

**ANSWER:**   TCP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 2 of the Amended Complaint.

3.   Defendant TECHNICAL CONSUMER PRODUCTS, INC. ("Defendant TCP") is a Delaware corporation and is registered to do business in Illinois.

**ANSWER:**   TCP admits the allegations of paragraph 3 of the Amended Complaint.

4.   This is an action arising under the Patent Laws of the United States, United States Code, Title 35. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1338(a). This Court has personal jurisdiction over Defendant TCP because Defendant TCP is doing business within this judicial district.

**ANSWER:**   TCP admits the allegations of paragraph 4 of the Amended Complaint.

5.   On April 3, 2001 United States Patent No. 6,211,612 (the "'612 patent"), entitled "Cold Cathode Fluorescent Display," duly and legally issued to GL Displays, Inc. A copy of the '612 patent is attached hereto as Exhibit A. Since that date, the '612 patent has been assigned to Transmarine, Inc., which has granted an exclusive license to COOLLITE.

**ANSWER:**   TCP admits that a copy of the '612 patent is attached to the Amended Complaint and marked for identification purposes as Exhibit A. TCP further admits that the '612 patent cover page shows an assignment of rights in the '612 patent to GL Displays, Inc. of Saratoga, California. TCP lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 5 of the Amended Complaint.

6.   On October 30, 2001, United States Patent No. 6,310,436 (the "'436 patent"), entitled "Cold Cathode Fluorescent Lamp And Display," duly and legally issued to GL Displays, Inc. A copy of the '436 patent is attached hereto as Exhibit B. Since that date, the '436 patent has been assigned to Transmarine, Inc., which has granted an exclusive license to COOLLITE.

**ANSWER:**   TCP admits that a copy of the '436 patent is attached to the Amended Complaint and marked for identification purposes as Exhibit B. TCP further admits that the '436 patent cover page shows an assignment of rights in the '436 patent to GL Displays, Inc. of Saratoga, California. TCP

lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 6 of the Amended Complaint.

7. On February 4, 2003, United States Patent No. 6,515,433 (the "'433 patent"), entitled "Gas Discharge Fluorescent Device," duly and legally issued to COOLLITE. A copy of the '433 patent is attached hereto as Exhibit C.

**ANSWER:** TCP admits that a copy of the '433 patent is attached to the Amended Complaint and marked for identification purposes as Exhibit C. TCP further admits that the '433 patent cover page shows an assignment of rights in the '433 patent to Coollite International Holdings Limited of Hong Kong. TCP lacks sufficient knowledge or information to admit or deny the remaining the allegations of paragraph 7 of the Amended Complaint.

8. By agreement, COOLLITE has appointed LITETRONICS exclusive distributor in North America of products made and sold under the '612, '436 and '433 patents. As exclusive distributor, LITETRONICS is authorized by agreement to prosecute Defendant TCP's infringement of these patents and to [sic] damages as a result of such infringement.

**ANSWER:** TCP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Amended Complaint.

9. LITETRONICS and COOLLITE together are and have been involved in the manufacture, sale, offering for sale, marketing, promotion and distribution of cold cathode lamp products under the '612, '436 and '433 patents and have affixed to such products suitable marking of the '612 and '436 patents in accordance with 35 U.S.C. § 287. Attached as Exhibit D1 are photographs of a cold cathode lamp product made and sold by Plaintiffs, namely: a photograph of the product and a photograph in which the housing of the product is removed to show the cold cathode lamp housed by the container.

**ANSWER:** TCP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 of the Amended Complaint.

10. LITETRONICS and COOLLITE adopt and reallege paragraphs 1-9 as set forth above.

**ANSWER:** TCP incorporates by reference its answers to paragraphs 1-9 of the Amended Complaint.

11. On information and belief, Defendant TCP has been and still is infringing the '612 patent by selling, offering for sale, using and/or importing into the U.S. a cold cathode lamp product. On information and belief, such infringing TCP cold cathode lamp product is identified as part number CCA03LVY and described as a three watt cold cathode S14 shaped lamp (hereinafter, the "TCP cold cathode lamp product"). Attached as Exhibit D2 are photographs of the TCP cold cathode lamp product, namely: a photograph of the product and a photograph in which the container of the product is removed to show the cold cathode lamp housed by the container.

**ANSWER:** TCP admits that it has designated a cold cathode lamp with part number CCA03LVY, but denies that it has ever sold this product or any other cold cathode lamp in the United States. TCP lacks sufficient knowledge or information to admit or deny the allegations with respect to what is attached to the Amended Complaint and marked for identification purposes as Exhibit C2. TCP denies the remaining allegations of paragraph 11 of the Amended Complaint, including the allegation that it has or is infringing the '612 patent.

12. Defendant TCP's conduct has caused, continues to cause and threatens to cause great and irreparable harm and damage to LITETRONICS and COOLLITE. Unless enjoined by the Court, Defendant TCP's conduct will continue to cause great, immediate and irreparable harm to LITETRONICS and COOLLITE.

**ANSWER:** TCP denies the allegations of paragraph 12 of the Amended Complaint.

13. Defendant TCP is and has been aware of the '612 patent and continues to infringe this patent. Defendant TCP's infringement is willful, intentional and in complete disregard of, or with indifference to, Plaintiff's rights and interests in the '612 patent.

**ANSWER:** TCP admits that it learned of the '612 patent when the original complaint was served on TCP, but denies the remaining allegations of paragraph 13 of the Amended Complaint.

14. By Stipulated Order, entered on September 4, 2003, Defendant TCP has been prohibited since August 25, 2003 from making, using, offering to sell, selling, soliciting or filling orders for, and/or delivering to any customer any cold cathode lamp within the United States and/or importing into the United States any cold cathode lamp or causing any such activity to occur. Pursuant to the terms of the Stipulated Order, such prohibition will continue until 45 days after Defendant's counsel advises Plaintiff's counsel in writing of Defendant's intention to resume any such activity. Accordingly, the allegations in this Amended Complaint of ongoing infringement is directed to the infringing activity that occurred at the time of the filing of this Lawsuit, any resumption of the infringing activity and any violations of the Stipulated Order.

**ANSWER:** TCP denies the allegations of paragraph 14 of the Amended Complaint and, instead, avers that plaintiffs' blatantly mischaracterize the Stipulated Order in an apparent attempt to mislead the Court.

15. This is an exceptional case under 35 U.S.C. § 285.

**ANSWER:** TCP denies the allegations of paragraph 15 of the Amended Complaint, at least insofar as plaintiffs seek attorneys' fees.

16. LITETRONICS and COOLLITE adopt and reallege paragraphs 1-15 as set forth above.

**ANSWER:** TCP incorporates by reference its answers to paragraphs 1-15 of the Amended Complaint.

17. On information and belief, Defendant TCP has been and still is infringing the '436 patent by selling, offering for sale, using and/or importing into the U.S. the TCP cold cathode lamp product.

**ANSWER:** TCP denies the allegations of paragraph 17 of the Amended Complaint.

18. Defendant TCP's conduct has caused, continues to cause and threatens to cause great and irreparable harm and damage to LITETRONICS and COOLLITE. Unless enjoined by the Court, Defendant TCP's conduct will continue to cause great, immediate and irreparable harm to LITETRONICS and COOLLITE.

**ANSWER:** TCP denies the allegations of paragraph 18 of the Amended Complaint.

19. Defendant TCP is and has been aware of the '436 patent and continues to infringe this patent. Defendant TCP's infringement is willful, intentional and in complete disregard of, or with indifference, to Plaintiff's rights and interests in the '436 patent.

**ANSWER:** TCP admits that it learned of the '436 patent when the original complaint was served on TCP, but denies the remaining allegations of paragraph 19 of the Amended Complaint.

20. This is an exceptional case under 35 U.S.C. § 285.

**ANSWER:** TCP denies the allegations of paragraph 20 of the Amended Complaint, at least insofar as plaintiffs seek attorneys' fees.

21. LITETRONICS and COOLLITE adopt and reallege paragraphs 1-20 as set forth above.

**ANSWER:** TCP incorporates by reference its answers to paragraphs 1-20 of the Amended Complaint.

22. On information and belief, Defendant TCP has been and still is infringing the '433 patent by selling, offering for sale, using and/or importing into the U.S. the TCP cold cathode lamp product.

**ANSWER:** TCP denies the allegations of paragraph 22 of the Amended Complaint.

23. Defendant TCP's conduct has caused, continues to cause and threatens to cause great and irreparable harm and damage to LITETRONICS and COOLLITE. Unless enjoined by the Court, Defendant TCP's conduct will continue to cause great, immediate and irreparable harm to LITETRONICS and COOLLITE.

**ANSWER:** TCP denies the allegations of paragraph 23 of the Amended Complaint.

24. Defendant TCP is and has been aware of the '433 patent and continues to infringe this patent. On information and belief, Defendant TCP's infringement is willful, intentional and in complete disregard of, or with indifference, to Plaintiff's rights and interests in the '433 patent.

**ANSWER:** TCP admits that it learned of the '433 patent when the Amended Complaint was served on TCP, but denies the remaining allegations of paragraph 24 of the Amended Complaint.

25. This is an exceptional case under 35 U.S.C. § 285.

**ANSWER:** TCP denies the allegations of paragraph 25 of the Amended Complaint, at least insofar as plaintiffs seek attorneys' fees.

### AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs fail to give adequate notice of their claims against TCP. More specifically, the Amended Complaint fails to specify which claims of the patents-in-suit are being asserted against TCP.

3. Depending on the patent claims asserted and plaintiffs' proposed construction of those claims, the asserted patent claims may be invalid for failure to satisfy one or more statutory requirements for patentability, including without limitation those present in 35 U.S.C. §§ 102, 103, and/or 112.

4. Depending on the patent claims asserted and the conduct of the patentee in prosecuting those claims, the asserted patent claims may be unenforceable due to inequitable conduct.

5. On information and belief, the alleged owner of the '612 patent and '436 patent, Transmarine, Inc., is a necessary and indispensable party under Fed. R. Civ. P. 19 with respect to claims brought under these patents and, therefore, the plaintiffs' claims with respect to these patents should be dismissed.

6. Plaintiffs' claims are barred by the doctrines of laches, estoppel, and acquiescence.

7. Plaintiffs' claims are barred by the doctrine of unclean hands.

8. Plaintiffs-counterclaim defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available, and based thereof, plaintiffs-counterclaim defendants reserve the right to assert any such affirmative defenses in the event that discovery indicates that they are appropriate.

**WHEREFORE,** TCP denies that plaintiffs are entitled to any relief whatsoever with respect to its claims of patent infringement and respectfully requests that this Court:

a. enter judgment in favor of TCP and against plaintiffs on all counts of the Amended Complaint for patent infringement;

b.  enter an order declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding TCP its reasonable attorneys' fees; and

c.  enter an order granting such other relief as this Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Defendant and counterclaim-plaintiff Technical Consumer Products, Inc. hereby demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

DATED: October 8, 2003

Leon E. Lindenbaum
**LINDEN BAUM COFFMAN KURLANDER BRISKY & GRIPPO, LTD.**
Three First National Plaza, Suite 2315
Chicago, IL 60602
Telephone: (312) 855-4410
Direct: (312) 855-4415
Facsimile: (312) 855-4423
E-mail: llindenbaum@lckb-law.com
A.R.D.C. No. 1665634

Steven M. Auvil (0063827)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Direct: (216) 363-4686
Facsimile: (216) 363-4588
E-mail: sauvil@bfca.com

Attorneys for Defendant and Counterclaim-plaintiff
**TECHNICAL CONSUMER PRODUCTS, INC.**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LITETRONICS INTERNATIONAL, INC. and COOLLITE INTERNATIONAL HOLDINGS LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>TECHNICAL CONSUMER PRODUCTS, INC.,<br><br>Defendant. | Civil Action No.: 03C5733<br><br>Judge Wayne R. Andersen<br><br>Magistrate Judge Ashman<br><br>**DEMAND FOR JURY TRIAL** |

FILED OCT 9 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED OCT 1 0 2003

## NOTICE OF FILING

To: Messrs. Thomas J. Donovan, Marc S. Silver and Vladimir Khodosh
BARNES & THORNBURG
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Mr. Kevin R. Krantz
KESSLER, KRANTZ & CHRISTENSEN
318 W. Randolph Street, 5th Floor
Chicago, IL 60606

PLEASE TAKE NOTICE that on October 9, 2003, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT TECHNICAL CONSUMER PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**, a copy of which is herewith served upon you.

TECHNICAL CONSUMER PRODUCTS, INC.

By: _____
One of its attorneys

Leon E. Lindenbaum
Lindenbaum Coffman Kurlander Brisky & Grippo, Ltd.
70 West Madison Street, Suite 2315
Chicago, Illinois 60602
312-855-4410
A.R.D.C. No. 1665634
Attorney No. 18546

## CERTIFICATE OF SERVICE

I, Sharon Basney, certify that I caused a true and correct copy of the foregoing **NOTICE OF FILING** and **DEFENDANT TECHNICAL CONSUMER PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** to be served upon the following:

    Thomas J. Donovan
    Marc S. Silver
    Vladimir Khodosh
    BARNES & THORNBURG
    One North Wacker Drive, Suite 4400
    Chicago, IL 60606

- and -

    Kevin R. Krantz
    KESSLER, KRANTZ & CHRISTENSEN
    318 W. Randolph Street, 5th Floor
    Chicago, IL 60606

    Attorneys for Plaintiffs and Counterclaim-defendants
    **LITETRONICS INTERNATIONAL, INC.** and
    **COOLLITE INTERNATIONAL HOLDINGS LIMITED**

by depositing the same in the U. S. Mail with proper postage prepaid at 70 West Madison Street, Chicago, Illinois, at or about 5:00 p.m. on October 9, 2003.

                                                    _____
                                                  Sharon Basney

**SUBSCRIBED AND SWORN TO** before me this 9th day of October, 2003.

[Notary Seal: "OFFICIAL SEAL" JOYCE GOODMAN, Notary Public, State of Illinois, Commission Expires 03/17/0_]

                                                  _____
                                                  Notary Public