IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LITETRONICS INTERNATIONAL, INC. and COOLLITE INTERNATIONAL HOLDINGS LIMITED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 03 C 5733 |
| v. | ) ) ) | Judge Wayne R. Andersen |
| TECHNICAL CONSUMER PRODUCTS, INC., | ) ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This issue is before the Court on the motion of Defendant, Technical Consumer Products, Inc. ("TCP"), to compel the production of witnesses from Plaintiff Coollite International Holdings Limited ("Coollite"). This matter was referred to this Court by Judge Andersen pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons that follow, this motion is denied in part, granted in part, and denied for mootness in part.

### I. Background

This case began in 2003, and on September 25, 2003 Coollite and Litetronics International, Inc., filed an amended complaint alleging that TCP has infringed several patents. TCP denied these allegations. (Def.'s Mem. at 4.) In preparation for its defense, TCP served Coollite with requests for documents and things in order to discover the names and current addresses of the inventors of the patents-in-suit. (Def.'s Mem. at 4-5.) These requests included

"all documents and things that refer or relate to all U.S. and foreign patents and patent applications related to the patents-in-suit and documents referring to research and design activities regarding the patents-in-suit." (*Id.*) TCP also asked in its interrogatories to "state the last known residence address and telephone number and business address of each inventor of the patents-in-suit." (Def.'s Mem. at 5; Def.'s Interrogs., Dec. 12, 2003, Interrog. 4.) Coollite responded to these interrogatories on March 22, 2004, but according to TCP, Coollite did not provide contact information for two of the patents' inventors.[1] (Def.'s Mem at 5.) Coollite's responses to the document requests also did not include the two inventors' contact information. (Def.'s Mem. at 5-6.) After TCP's informal attempts to gather this contact information from Coollite did not succeed, TCP filed this motion to compel with this Court.

## II. Discussion

Under Federal Rule of Civil Procedure 30(a)(1) and 30(b)(6), a party may depose any person or business or government entity. Fed. R. Civ. P. 30(a)(1), 30(b)(6). Here, TCP argues that Coollite has an affirmative obligation to produce the inventors for deposition in the United States. (Def.'s Mem. at 8.) The inventors have never been employed with Coollite. Coollite acquired the '433 Patent in April 2, 2001, when the inventors of the '433 Patent assigned their rights in the patent to Coollite. As part of the assignment agreement, the inventors agreed "generally to do everything possible to aid [Coollite], their successors, assigns and nominees, at their request and expense, in obtaining and enforcing patents for said invention in all countries."

---

[1] These two inventors were the inventors of patent number 6,515,433 (the "'433 Patent"). The other patents' inventors and inventors' addresses are not at issue in this motion.

(Def.'s Mem. Ex.1.) TCP argues that this language in the assignment agreement gives Coollite control over the inventors and obligates Coollite to produce the inventors for deposition in the United States.

In support of its argument, TCP cites to *In re Nifedipine Capsule Patent Litigation*, 13 U.S.P.Q. 2d 1574 (S.D.N.Y. 1989). In that case, the defendant sought to depose a patent's inventors, who were the plaintiff's former employees but who did not work for the plaintiff at that point. *Id.* at 1575. Because of the lack of an employment relationship, the plaintiff could not exert control over the inventors. *Id.* However, the inventors had assigned their rights in the patent to the plaintiff, and the assignment agreement provided that the inventors "agree, whenever requested, to . . . testify in *any* legal proceedings." *Id.* (emphasis in original). The court read this clause in the agreement to mean that the inventors must testify in any proceeding, not just the proceedings in which the plaintiff wanted the inventors to testify. *Id.*

In this case, the assignment agreement that the two inventors signed does not unequivocally provide that the inventors will testify in any legal proceeding. Rather, unlike *In re Nifedipine*, this assignment agreement simply provides that the inventors will help Coollite enforce its patent rights. On the information provided to the Court, the Court is not convinced that Coollite had any meaningful contractual control over the inventors. For this reason, the Court denies TCP's motion for production of the inventor witnesses because there is no showing that either of the witnesses are under the actual control of Coollite, either because of an employment status or because of a contractual status.

Furthermore, apparently the whereabouts of these inventors is unknown. Although TCP hints in its brief and in its reply that Coollite may in fact have information as to the inventors'

contact information, Coollite maintains that it does not have the inventors' addresses and stated in its response that, "in an effort to provide any information at all, CoolLite is again seeking to obtain any information for any of the inventors, and will provide that information to TCP." (Pl.'s Resp. at 2.) The Court orders Coollite to make a diligent search for the present addresses and to produce to TCP all contractual documents evidencing assignment of the patents and any other contracts between Coollite and these witnesses. Coollite must produce this information within 21 days. Coollite is also ordered to report to the Court within 21 days on the status of this search. TCP may re-file a motion on this subject if it can show that the addresses are known and contracts between Coollite and the inventors exist that enable Coollite to force cooperation from these inventors.

Because the Court has denied TCP's motion to compel the production of the inventors, TCP's motion to order that the deposition take place in the United States is rendered moot.

### III. Conclusion

For the foregoing reasons TCP's motion to compel the production of witnesses is denied in part, granted in part, and denied in part because of mootness. Coollite must diligently search for the addresses of the two inventors, and it must provide this information to TCP within

21 days. Coollite must also report to the Court on the status of its search at that time. This case is set for status on the subject of compliance with this order on October 31, 2006.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: September 28, 2006.

Copies have been mailed to:

| | |
|---|---|
| WILLIAM M. LEE, JR., Esq.<br>Barnes & Thornburg, L.L.P.<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL 60606-2833<br><br>KEVIN R. KRANTZ, Esq.<br>Stahl Cowen Crowley, L.L.C.<br>55 West Monroe Street<br>Suite 1200<br>Chicago, IL 60603<br><br>**Attorneys for Plaintiffs** | CRAIG L. MOORE, Esq.<br>STEVEN M. AUVIL, Esq.<br>Benesch, Friedlander, Coplan<br>  & Aronoff, L.L.P.<br>2300 BP Tower<br>200 Public Square<br>Cleveland, OH 44114-2378<br><br>LEON E. LINDENBAUM, Esq.<br>Kurlander & Associates<br>155 North Michigan Avenue<br>Suite 620<br>Chicago, IL 60601<br><br>**Attorneys for Defendant** |