IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LITETRONICS INTERNATIONAL, INC. and **COOLLITE INTERNATIONAL HOLDINGS LIMITED**, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 03 C 5733 |
| v. | ) ) | Judge Wayne R. Andersen |
| **TECHNICAL CONSUMER PRODUCTS, INC.**, | ) ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendant, Technical Consumer Products ("TCP"), for sanctions against Plaintiff, Coollite International Holdings Limited ("Coollite"), for failing to preserve or for making unavailable documents that TCP requested in discovery. This matter was referred to this Court by Judge Andersen pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons that follow, the Court grants the motion in part and denies it in part.

### I. Background

This case began in 2003, and on September 25, 2003 Coollite and Litetronics International, Inc., filed an amended complaint alleging that TCP has infringed several patents. (Def.'s Mem. at 2.) On December 12, 2003, TCP served document requests on Coollite seeking, among other things, drawings of cold cathode lamp products belonging to Coollite, documents

that reference the conception of the patents' claimed subject matter, documents relating to the patents' research and design, documents relating to any of the sales or offers to sell of the patents' claimed subject matter, and sales documents. (*Id.*) After negotiating a protective order, which the Court entered on June 28, 2004, the parties had continuing negotiations regarding Coollite's production of responsive documents. (Def.'s Mem. at 3-4.) In early 2004, TCP learned while deposing officers of Coollite and Litetronics that Coollite had sold its factory in Jiashen, China, to OSKA Auto Electronics. (Def.'s Mem. at 4.) Laikeung Tsang, Coollite's director whom TCP deposed, testified that drawings of alleged embodiments of the patents-in-suit remained with the Jiashen factory after it was sold, as did sales reports. (*Id.*) Tsang also suggested that production records and records of revenues would have been kept at the Jiashen factory, and Tsang believed that Coollite had a document retention policy. (Def.'s Mem. at 4-5.) According to TCP, Coollite has not produced the drawings or sales and manufacturing records, so on March 11, 2005 TCP filed this motion urging the Court to issue sanctions against Coollite.[1] Specifically, TCP argues that this Court should issue sanctions based on Coollite's spoliation of evidence, which TCP suggests warrants either dismissing of Coollite's claims or barring Coollite from offering evidence relating to the patents-in-suit. (Def.'s Mem. at 11-12.)

---

[1] Coollite disputes this assertion and states that it produced what documents it had in its possession in response to TCP's request. (Pl.'s Resp. at 2.) Also, Coollite argues that because TCP's document request number 2 did not specifically request drawings of products, but instead simply requested everything that refers to the patents-in-suit, Coollite was not obligated to produce the drawings of the products. (*Id.*) The Court does not address these issues at this time.

## II. Discussion

Initially, the Court finds that this Court can properly decide this motion because it is within Judge Andersen's referral. Under the referral, this Court may enter orders on discovery matters. Because the Court's holding on this motion is not dispositive, this Court may properly enter this order and need not style this decision as a report and recommendation.

Under Federal Rule of Civil Procedure 37, the Court may sanction a party for failing to comply with discovery obligations. *See* Fed. R. Civ. P. 37. In addition to Rule 37, the Court also has inherent authority to sanction a party for discovery abuses. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Greviskes v. Univs. Research Ass'n*, 417 F.3d 752, 758 (7th Cir. 2005). However, the Court's inherent authority should be "exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. Under both Rule 37 and the Court's inherent power, the Court has wide discretion as to the appropriate sanction, and the Court may exercise its discretion by dismissing claims with prejudice or entering a default judgment. *See, e.g., Govas v. Chalmers*, 965 F.2d 298 (7th Cir. 1992); *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (1992); *China Ocean Shipping (Group) Co. v. Simone Metals Inc.*, No. 97 C 2694, 1999 WL 966443, at *2 (N.D. Ill. Sept. 30, 1999). Although the Court has this discretion and authority, sanctions imposed "should be proportionate to the offending conduct, and . . . the harsh sanction of default [should] be reserved for extreme circumstances." *China Ocean Shipping (Group) Co.*, 1999 WL 966443, at *2 (citations omitted).

For this reason, courts have refrained from issuing sanctions that dismiss a party's claims without first finding some form of inappropriate conduct or other circumstances such that dismissal is warranted. With this in mind, the Seventh Circuit has held that "[a] dismissal with

prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailable." *Marrocco*, 966 F.2d at 224 (citations omitted). In *China Ocean Shipping*, the court stated that "there must be at least some finding of contumacious conduct, dilatory tactics, the failure of less drastic sanctions, bad faith, willfulness, or fault before sanctions may be imposed by a party who fails to comply with a discovery order." 1999 WL 966443, at *2 (citations omitted).

In this case, TCP argues that sanctions are appropriate because Coollite's conduct resulted in the spoliation of the relevant evidence. More specifically, TCP argues that Coollite "intentionally fail[ed] to preserve documents that are relevant to TCP's defenses in this case," and that Coollite's actions warrant dismissal of Coollite's claims or barring Coollite from offering evidence relating to its patents. (Def.'s Mem. at 7, 11-12.) TCP states that Coollite's "fail[ure] to provide any reasonable basis for its conduct" constitutes the bad faith necessary to support either of these sanctions. (Def.'s Mem. at 9.) TCP also points to the relevance of the unproduced documents and says that the unavailability of these documents will prejudice TCP. (Def.'s Mem. at 10.)

Despite TCP's arguments, the Court denies the motion for sanctions based on spoliation because no spoliation has been shown. Although the documents in question here did at one time belong to Coollite but do not currently belong to Coollite, there is no indication that the documents no longer exist, if only in the hands of a foreign corporation. Also, at oral argument, the parties admitted that they had not requested these documents from OSKA directly. TCP suggested at oral argument that requesting the documents from OSKA, a Chinese corporation,

might prove fruitless because OSKA is beyond the jurisdiction–and subpoena power–of this Court. However, TCP also admitted that it has not investigated whether and in what capacity the Hague Convention might apply to this situation. This information would shed light on whether retrieval of the documents from OSKA is as straightforward as executing a third-party discovery request on OSKA, obviating the need to address this issue by issuing sanctions.

In light of the parties' statements at oral argument, it appears that the documents still exist but are in the hands of a foreign corporation. The appropriate next step is for the parties to seek the documents from OSKA, not for this Court to proceed toward issuing sanctions. For this reason, the Court orders Coollite to use all reasonable efforts to obtain the documents from OSKA. Coollite is ordered to file a report of these efforts with the Court within 21 days. In the meantime, TCP is to investigate the applicability of the Hague Convention procedures to this issue. TCP must file a report of such procedures and its efforts to obtain the documents with this Court within 21 days.

### III. Conclusion

For the foregoing reasons, TCP's motion for sanctions is denied in part and granted in part. Coollite is ordered to use all reasonable efforts to obtain documents from OSKA that are responsive to TCP's document requests, and Coollite must file a report of these efforts within 21 days. TCP must investigate the applicability of the Hague Convention to the request of documents from a Chinese corporation, and TCP must file a report of these procedures and its

efforts to obtain the documents from OSKA within 21 days. This case is set for status on the subject of compliance with this order on October 31, 2006.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: September 28, 2006.

Copies have been mailed to:

| | |
|---|---|
| WILLIAM M. LEE, JR., Esq.<br>Barnes & Thornburg, L.L.P.<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL 60606-2833<br><br>KEVIN R. KRANTZ, Esq.<br>Stahl Cowen Crowley, L.L.C.<br>55 West Monroe Street<br>Suite 1200<br>Chicago, IL 60603<br><br><br>Attorneys for Plaintiffs | CRAIG L. MOORE, Esq.<br>STEVEN M. AUVIL, Esq.<br>Benesch, Friedlander, Coplan<br>  & Aronoff, L.L.P.<br>2300 BP Tower<br>200 Public Square<br>Cleveland, OH 44114-2378<br><br>LEON E. LINDENBAUM, Esq.<br>Kurlander & Associates<br>155 North Michigan Avenue<br>Suite 620<br>Chicago, IL 60601<br><br>Attorneys for Defendant |